**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

DRIVE TIME AUTOMOTIVE, INC., *et al.*,

    Plaintiffs,

vs.

MARLON DEGUZMAN, *et al.*,

    Defendants.

Case No. 2:14–cv–782–RFB–VCF

**AMENDED ORDER[1]**

    This matter involves Drive Time Automotive's RICO action against Marlon Deguzman, among others. (*See* Compl. (#1) at 7). Drive Time Automotive's Emergency Motion to Compel is before the court (#28). Defendant Shaker Radwan opposed (#30); and Drive Time replied (#31). On Wednesday, January 14, 2015, the court held a hearing. For the reasons stated below, Drive Time's motion is granted in part and denied in part.

**BACKGROUND**

    On October 20, 2014, Drive Time Automotive ("Drive Time"), served Shaker Radwan, K&S Auto Sales, Inc., Texas Fine Cars, Inc., Car Show Moters, and Demetri Jony (*i.e.,* the "Radwan Defendants") with written discovery. Because the Radwan Defendants did not timely respond, Drive Time now seeks three forms of relief: an order (1) compelling the Radwan Defendants to respond to Drive Time's interrogatories and document requests, (2) holding that the Radwan Defendants' objections are waived, and (2) issuing monetary sanctions, including an award of fees and costs. (Pl.'s Em. Mot. (#28) at 6:19–21). The facts underlying the dispute follow.

---

[1] This amended order corrects two typographical errors, *see* FED. R. CIV. P. 60, regarding the meet-and-confer and expert disclosure deadlines. (*See infra* p. 7:11, 14).

## I.     Defendants Miss the First Discovery Deadline

Drive Time served its written discovery requests on October 20, 2014. (Kaplan Aff. (#28) at ¶ 2). Defense Counsel's opposition states that written discovery requests were received "on or about October 30, 2014," but Defense Counsel "did not submit these discovery requests to the Defendants until on or about November 11, 2014." (Def.'s Opp'n (#30) at ¶ 3). Defendants' responses were due November 24, 2014; nothing was received. (Doc. #28 at ¶ 4).

On December 3, 2014, Plaintiff's Counsel sent Defense Counsel a letter, notifying Defense Counsel of his client's failure to respond. (*Id*. at ¶ 5). Plaintiff's Counsel also stated that, under the Rules, Defendants' failure to respond renders the requests for admissions deemed as admitted and objections to interrogatories and requests for production of documents deemed waived. (*Id*.)

On December 5, 2015, Defense Counsel responded via email, stating that "he forwarded all discovery requests to his client(s) as soon as he received them." (*Id*. at ¶ 6). Additionally, Defense Counsel requested an extension to respond until December 8, 2014. (*Id*.) Plaintiff's Counsel responded, stating that the admissions are deemed admitted and agreeing to delaying filing a motion to compel on the interrogatories and requests for documents until December 9, 2014. (*Id*. at ¶ 7).

## II.     Defendants Miss the Second Discovery Deadline

On December 9, 2014, Defense Counsel emailed Plaintiff's Counsel, informing him that Defendants "failed to open their email until December 7, 2014." (*Id*. at ¶ 8). Defense Counsel also stated that Defendants untimely responses to the Requests for Admissions would be served by the end of the day and that answers to interrogatories and responses to requests for production of documents would be received by December 12, 2014. (*Id*.)

Later that day, Plaintiff's Counsel responded, reiterating that the requests for admissions are deemed omitted and that objections have been waived. (*Id*. at ¶ 9). Defense Counsel agreed that objections have been waived. (*Id*. at ¶ 10).

### III.  **Defendants Miss the Third Discovery Deadline**

On December 12, 2014, the date that Defendants' answers to interrogatories and responses to requests for production of documents were due, Plaintiffs' Counsel received nothing. (*Id*. at ¶ 11).

On December 19, 2014, Plaintiff's Counsel attempted to contact Defense Counsel again. (*Id*. at ¶ 13). As of December 24, 2014—the date of Plaintiff's motion—no response had been received. (*Id*. at ¶ 14).

On December 29, 2014, the court set Plaintiff's motion for a hearing. On January 5, 2014, Defendants answered the Drive Time's interrogatories with objections. (Doc. #30 at 3:11–12). Nonetheless, Plaintiff contends that Defendants' answers to interrogatories insufficient as a matter of law. (*See generally* Reply #31).

### **LEGAL STANDARD**

Federal Rule of Civil Procedure 37 governs discovery, disclosures, and sanctions. In pertinent part, it states that "[o]n notice to other parties and all affected persons, at party may move for an order compelling disclosure or discovery."

Discovery responses must be timely. Under Rules 33(b)(2), 34(b)(2)(A), 36(a)(3), interrogatories, document requests, and requests for admissions must be answered or responded to "within 30 days after being served." Where, as here, a party fails to timely respond to requests for admissions, the "matter is admitted." FED. R. CIV. P. 36(a)(3).

If the court grants a motion to compel, then "the court must" require the party whose conduct necessitated the motion to pay the movant's "reasonable expenses incurred in making the motion,

3

including attorney's fees," unless, *inter alia*, the "circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(iii). If the court denies the motion, then Rule 37 instructs the court to order the moving party to pay the "reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expense unjust." FED. R. CIV. P. 37(a)(5)(B).

Rule 37 is "flexible" and the district court's discretion to fashion an appropriate sanction under Rule 37 is "broad." 8B WRIGHT, MILLER, MARCUS, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2284 (3rd ed. 2010); *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (*per curiam*).

**DISCUSSION**

Drive Time's motion requests three forms of relief: an order (1) compelling the Radwan Defendants to respond to Drive Time's interrogatories and document requests, (2) holding that the Radwan Defendants' objections are waived, and (2) issuing monetary sanctions, including an award of fees and costs. (Pl.'s Em. Mot. (#28) at 6:19–21).

As a preliminary matter, the court notes that, in addition to the Federal Rules of Civil Procedure, discovery motions are governed by Local Rule 26-7(a). It states that "[a]ll motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the responses thereto, if any."

Although the substance of Drive Time's discovery requests are not directly in controversy, Drive Time neglected Rule 26-7(a)'s requirement. Drive Time appended four exhibits to its reply, none of which include the "full . . . text of the discovery originally sought." LR 26-7(a). This court routinely denies motions to compel that do not comply with this rule. *See, e.g.*, *Plaintiffs Ins. Co. v. Peter Mario Balle, D.C.*, No. 2:10–cv–02205–APG–NJK, 2013 WL 5323968, at *4 (D. Nev. Sept. 20, 2013) ("The Court

4

cannot determine that particular responses to requests for production were improper without knowing what request was made or what response was given.").

The court ordered Drive Time to supplement its filings, (*see* Docs. #32, #33), by providing the full text of the discovery request as they were originally sought so that the court could grant the relief Drive Time's requested after determining whether its discovery requests were appropriate under the Rules. A party's failure to object to a discovery request does not automatically warrant an order to compel. Under Rule 26(b)(2)(C), the court has an independent duty to "limit the frequency or extent of discovery" "on its own." Here, Drive Time failed to comply with Local Rule 26-7(a) and show the court what discovery was requested. Accordingly, the court could not assess whether Drive Time's discovery requests are appropriate.

During the court's January 14, 2015 hearing, the court had an opportunity to assess Drive Time's requests. As noted on the record, the court concluded that Defendants' objections are deemed waived under 33(b)(2) and 34(b)(2)(A). However, the court also noted that Defendants' responses to Drive Time's requests for admissions are deemed timely, in part because the requests go to ultimate issues in the case. If the court deemed Drive Time's requests for admissions admitted, it would run the risk that this controversy would be decided on a technicality rather than the merits. This runs counter to the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)

This brings the court to the next issue: Drive Time seeks an order compelling answers to interrogatories and requests for production of documents. This request is granted. Defendants either failed to respond to Drive Time's discovery requests at all or failed to respond in a timely fashion. Drive Time served Defendants with written discovery on October 20, 2014. (Doc. #28) at ¶ 2). Under Rules 33(b)(2), 34(b)(2)(A), 36(a)(3), the deadline to respond was November 24, 2014. Defendants failed to respond.

5

(Doc. #28 at ¶ 4). After several meet and confers, Drive Time extended the time to respond from November 24, 2014, to December 8, 2014, and eventually to December 12, 2014. Again, Defendants failed to respond.

On January 5, 2015, Defendants served partial answers to interrogatories. Many of these untimely answers are inappropriate. For instance, Defendants responded to many of the interrogatories with the following objection:

> Defendant is unable to answer this interrogatory because there is no Count 5 contained within the Complaint as it has been filed in this case. There is a Fifth Claim for Relief, however, it is extremely complicated and specific, and if this is what Plaintiff is referring to, the Defendant requests that the interrogatory be framed in a more specific manner in order for the answer to be supplied.

(*See, e.g.*, K&S Auto's Resp. (#31-2) at 5). Defendants' confusion regarding Count Five and the Fifth Claim for Relief is not countenanced by the Rules. Federal Rule of Civil Procedure 1 instructs courts and litigants to construe the Rules "to secure to just, speedy, and inexpensive determination of every action and proceeding." Objecting to an interrogatory on the basis of a synonym offends the spirit of the Rules.

This leaves on remaining issue: Drive Time's request for monetary sanctions and attorney's fees. This matter is discretionary. *See* FED. R. CIV. P. 37(a)(5); WRIGHT & MILLER, *supra* at § 2284. Two facts militate in favor of imposing some sanction here. First, Defense Counsel's failure to forward discovery requests to his client until November 11, 2014, which was twenty-two days after they were served. (*Compare* Kaplan Aff. (#28) at ¶ 2 *with* Def.'s Opp'n (#30) at ¶ 3). Second, Defendants' objections that they are "unable to answer [the] interrogator[ies] because there is no Count 5 contained within the Complaint as it has been filed in this case" is vexing and offends the spirit of the rules. Nonetheless, the court declines imposing sanctions because the court admonished Defense Counsel during the hearing.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Drive Time Automotive's Emergency Motion to Compel is (#28) GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendants' responses to Drive Time's requests for admissions are deemed TIMELY.

IT IS FURTHER ORDERED that Defendants' objections to Drive Time's requests for production of documents and interrogatories are WAIVED.

IT IS FURTHER ORDERED that the parties must MEET AND CONFER regarding the sufficiency of Defendants' discovery responses by January 28, 2015.

IT IS FURTHER ORDERED that Defendants' supplement their responses to Drive Time's discovery requests in accordance with the above ordered meet and confer by February 2, 2015.

IT IS FURTHER ORDERED that the following dates APPLY:

| Date | Deadline |
|---|---|
| March 23, 2015 | Expert Disclosure Deadline |
| April 22, 2015 | Rebuttal Expert Disclosure Deadline |
| May 22, 2015 | Discovery Cutoff Date |
| June 29, 2015 | Dispositive Motion Deadline |
| July 29, 2015 | Joint Pretrial Order Deadline. If dispositive motions are filed, the joint pretrial order is due 30 days from the entry of the court's ruling on the motions. |

IT IS SO ORDERED.

DATED this 23rd day of January, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE