**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| DRIVE TIME AUTOMOTIVE, INC., | |
|         Plaintiff, | 2:14-cv-00782-RFB-VCF |
| vs. | **ORDER** |
| MARLON DEGUZMAN, *et al.*, | |
|         Defendants. | |

This matter involves Plaintiff Drive Time Automotive's RICO action against Defendants Marlon Deguzman, among others. (Compl. (#1[1]) at 7). Before the court is Plaintiff's Emergency Motion for Order to Show Cause against Defendants Shaker Radwan, K & S Auto Sales, Inc., Texas Fine Cars, Inc., Car Show Motors, and Demetri Jony (collectively, the "Radwan Defendants"). (#39). The Radwan Defendants opposed (#41), and Plaintiff replied (#42). Plaintiff requests that the Radwan Defendants be required to show cause why their answers should not be stricken and default entered against them. (Doc. #39 at 4:15-18). For the reasons stated below, Plaintiff's Motion for Order to Show Cause (#39) is granted.

**BACKGROUND**

The Radwan Defendants have a long history of discovery abuses. Plaintiff Drive Time's counsel served the Radwan Defendants with written discovery on October 20, 2014. (Am. Order on Pl.'s Mot. to Compel (#38) at 5:22-25). Responses were due on November 24, 2014, but Plaintiff received nothing.

---

[1] Parenthetical citations refer to the court's docket.

1

(*Id.*) After several meet and confers, Plaintiff's counsel extended the time to respond to December 12, 2014. (*Id.* at 6: 1-3). The Radwan Defendants responded to Plaintiff's requests for admission on December 9, 2014. (Defs.' Resp. (#30) at 3: 8-10). Defendants did not provide any responses to Plaintiff's interrogatories or requests for production of documents. (Pl.'s Mot. to Compel (#28) at 3: 16-17).

On December 24, 2014, Plaintiff filed an Emergency Motion to Compel against the Radwan Defendants. (#28). The Radwan Defendants responded on January 5, 2015. (#30). That same day, they served partial responses to Plaintiff's interrogatories. (Am. Order on Pl.'s Mot. to Compel (#38) at 6: 4-6). Plaintiff replied on January 8, 2015. (#31). A hearing was held on January 14, 2015. (#35). During the hearing, the court admonished Defense counsel. (Doc. #38 at 6: 21-22). The Radwan Defendants were warned that they need to take their discovery obligations seriously. (Min. Proceedings #35).

The court granted Plaintiff's Motion in part. (Doc. #38). The Radwan Defendants' responses to Plaintiff's requests for admission were deemed timely. (*Id.* at 7: 4-5). Defendants' objections to Plaintiff's requests for production of documents and interrogatories were waived. (*Id.* at 7: 6-7). Both parties were ordered to meet and confer regarding Defendants' discovery responses by January 28, 2015. (*Id.* at 7:8-9). Defendants were ordered to supplement their responses to Plaintiff's discovery requests by February 2, 2015. (*Id.* at 7: 10-11).

Plaintiff's counsel did not hear from the Radwan Defendants, so he contacted their Defense counsel on January 27, 2015. (Pl.'s Mot. for Order to Show Cause (#39) at 3: 2-5). Defense counsel assured that Defendants' discovery responses would be supplemented according to the Order's timeline. (*Id.*) Again, the deadline was missed. (*Id.* at 3: 6).

Plaintiff's counsel informed the Radwan's Defendants' counsel on February 6, 2015 of his intention to file the Motion for an Order to Show Cause. (*Id.* at 3: 7-10). Later that day (*Id.* at 3: 11-13),

2

the Radwan Defendants emailed supplemental responses to the interrogatories. (Defs.' Resp. to Pl.'s Mot. for Order to Show Cause (#41) at 2: 19-20).

Plaintiff filed the Emergency Motion for Order to Show Cause on February 6, 2015. (#39). Plaintiff states that the responses were deficient based on several arguments: they do not contain any actual information, they appear to be counsel's responses only, they do not respond to all interrogatories, and they include objections. (*Id.* at 3: 13-33). In addition, the Radwan Defendants did not respond to Plaintiff's request for production of documents. (*Id.*)

No timely response, due February 23, 2015, was filed by the Radwan Defendants'. (Pl.'s Notice of Non-Opp'n (#40) at 1: 23-27). Plaintiff filed a Notice of Non-Opposition on February 25, 2105. (#40). The Radwan Defendants filed a Response, also on February 25, 2015. (#41). That same day, Defense counsel submitted a response to Plaintiff's request for production of documents. (*Id.* at 2: 21-22). In the Response to Plaintiff's Motion, Defense counsel admitted the discovery responses were untimely, but stated that "best efforts have been expended in order to comply with this Court's Order." (*Id.* at 2: 23-25).

Plaintiff filed a Reply on March 5, 2015. (#42). Though Defense counsel stated that all Radwan Defendants responded to Plaintiff's request for production of documents (Doc. #41 at 2: 21-22), Plaintiff argues that it only received a response from Defendant Jony. (Pl.'s Reply in Mot. for Order to Show Cause (#42) at 6: 6-7). In addition, no documents were provided to Plaintiff in Defendant Jony's response. (*Id.* at 4: 6-7).

**DISCUSSION**

At the pretrial stage, a district court can impose case-dispositive sanctions for discovery abuses under Federal Rule of Civil Procedure 37. Rule 37(b)(2)(A) states: "[i]f a party . . . fails to obey an order to provide or permit discovery," the court may: (i) direct that the matters in the order or other designated

3

facts be taken as established; (ii) prohibit the disobedient party from supporting or opposing designated claims or defenses; (iii) strike pleadings; (iv) stay proceedings; (v) dismiss the action in whole or in part; (vi) render default judgment against the disobedient party; or (viii) treat the disobedient party's failure to obey the court order as contempt. FED. R. CIV. P. 37(b)(2)(A). Rule 37 specifically mentions orders to compel discovery as a basis for these sanctions. *Id.* "[B]elated compliance with discovery orders does not preclude the imposition of sanctions. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976) (per curiam)).

It appears that the Radwan Defendants have violated this court's Order compelling them to supplement their responses to Plaintiff's requests for production of documents and interrogatories. (#38). Defense counsel has acknowledged that the discovery responses mandated in this court's Order were untimely. (Defs.' Resp. to Pl.'s Mot. for Order to Show Cause (#41) at 2: 23-25). In addition, at least as of March 5, 2015, responses to Plaintiff's requests for production of documents have still not been provided for Defendants Shaker Radwan, K & S Auto Sales, Inc., Texas Fine Cars, Inc., and Car Show Motors. (*Id.* at 6: 6-7). Despite Defense counsel's assertion that "best efforts have been expended in order to comply with this Court's Order" (*Id.* at 2: 23-25), Plaintiff has consistently raised concerns over the Radwan Defendants' "disregard of the discovery process." (Pl.'s Mot. for Order to Show Cause (#39) at 4: 15-18).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion for Order to Show Cause (#39) is GRANTED.

IT IS FURTHER ORDERED that at 11:00 AM, April 2, 2015, in a courtroom 3D, Defendants Shaker Radwan and Demetri Jony must appear in court and show cause why their answers should not be stricken and default judgment entered against them in this case for violating this court's Order (#38).

IT IS FURTHER ORDERED that at 11:00 AM, April 2, 2015, in a courtroom 3D, corporate representatives of Defendants K & S Auto Sales, Inc., Texas Fine Cars, Inc., and Car Show Motors must appear in court and show cause why their answers should not be stricken and default judgment entered against them in this case for violating this court's Order (#38).

IT IS SO ORDERED.

DATED this 19th day of March, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE