**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

|  |  |
|---|---|
| DRIVE TIME AUTOMOTIVE, INC., <br><br>     Plaintiff, <br><br> vs. <br><br> MARLON DEGUZMAN, *et al.*, <br><br>     Defendants. | 2:14-cv-00782-RFB-VCF <br> **REPORT AND RECOMMENDATION** |

This matter involves Plaintiff Drive Time Automotive's RICO action against Defendants Marlon Deguzman, among others. (Compl. (#1[1]) at 7). On February 6, 2015, Plaintiff filed an Emergency Motion for Order to Show Cause against Defendants Shaker Radwan, K & S Auto Sales, Inc., Texas Fine Cars, Inc., Car Show Motors, and Demetri Jony (collectively, the "Radwan Defendants"). (#39). The Radwan Defendants opposed (#41), and Plaintiff replied (#42). On March 19, 2015, Plaintiff's Motion for Order to Show Cause (#39) was granted. The show cause hearing was held on April 2, 2015. (#46). Defendants Shaker Radwan, Demetri Jony and corporate representatives for K & S Auto Sales, Inc., Texas Fine Cars, Inc., and Car Show Motors failed to appear for the show cause hearing. Counsel for the Radwan Defendants, Ulrich Smith, Esq., stated that he was unaware that his clients' presence was mandatory and a copy of Order #45 was given to him in open court. Mr. Smith was sanctioned $1,000.00 due to Plaintiff.

---

[1] Parenthetical citations refer to the court's docket.

*Id.* The show cause hearing was continued to April 13, 2015. (#49). On April 13, 2015, the court canvassed and heard representations from the parties.

## BACKGROUND

The Radwan Defendants have a long history of discovery abuses. Plaintiff Drive Time's counsel served the Radwan Defendants with written discovery on October 20, 2014. (Am. Order on Pl.'s Mot. to Compel (#38) at 5:22-25). Responses were due on November 24, 2014, but Plaintiff received nothing. (*Id.*) After several meet and confers, Plaintiff's counsel extended the time to respond to December 12, 2014. (*Id.* at 6: 1-3). The Radwan Defendants responded to Plaintiff's requests for admission on December 9, 2014. (Defs.' Resp. (#30) at 3: 8-10). Defendants did not provide any responses to Plaintiff's interrogatories or requests for production of documents. (Pl.'s Mot. to Compel (#28) at 3: 16-17).

On December 24, 2014, Plaintiff filed an Emergency Motion to Compel against the Radwan Defendants. (#28). The Radwan Defendants responded on January 5, 2015. (#30). That same day, they served partial responses to Plaintiff's interrogatories. (Am. Order on Pl.'s Mot. to Compel (#38) at 6: 4-6). Plaintiff replied on January 8, 2015. (#31). A hearing was held on January 14, 2015. (#35). During the hearing, the court admonished Defense counsel. (Doc. #38 at 6: 21-22). The Radwan Defendants were warned that they need to take their discovery obligations seriously. (Min. Proceedings #35).

The court granted Plaintiff's Motion in part. (Doc. #38). The Radwan Defendants' responses to Plaintiff's requests for admission were deemed timely. (*Id.* at 7: 4-5). Defendants' objections to Plaintiff's requests for production of documents and interrogatories were waived. (*Id.* at 7: 6-7). Both parties were ordered to meet and confer regarding Defendants' discovery responses by January 28, 2015. (*Id.* at 7:8-9). Defendants were ordered to supplement their responses to Plaintiff's discovery requests by February 2, 2015. (*Id.* at 7: 10-11).

Plaintiff's counsel did not hear from the Radwan Defendants, so he contacted their Defense counsel on January 27, 2015. (Pl.'s Mot. for Order to Show Cause (#39) at 3: 2-5). Defense counsel assured that Defendants' discovery responses would be supplemented according to the Order's timeline. (*Id.*) Again, the deadline was missed. (*Id.* at 3: 6).

Plaintiff's counsel informed the Radwan's Defendants' counsel on February 6, 2015 of his intention to file the Motion for an Order to Show Cause. (*Id.* at 3: 7-10). Later that day (*Id.* at 3: 11-13), the Radwan Defendants emailed supplemental responses to the interrogatories. (Defs.' Resp. to Pl.'s Mot. for Order to Show Cause (#41) at 2: 19-20).

Plaintiff filed the Emergency Motion for Order to Show Cause on February 6, 2015. (#39). Plaintiff states that the responses were deficient based on several arguments: they do not contain any actual information, they appear to be counsel's responses only, they do not respond to all interrogatories, and they include objections. (*Id.* at 3: 13-33). In addition, the Radwan Defendants did not respond to Plaintiff's request for production of documents. (*Id.*)

No timely response, due February 23, 2015, was filed by the Radwan Defendants'. (Pl.'s Notice of Non-Opp'n (#40) at 1: 23-27). Plaintiff filed a Notice of Non-Opposition on February 25, 2105. (#40). The Radwan Defendants filed a Response, also on February 25, 2015. (#41). That same day, Defense counsel submitted a response to Plaintiff's request for production of documents. (*Id.* at 2: 21-22). In the Response to Plaintiff's Motion, Defense counsel admitted the discovery responses were untimely, but stated that "best efforts have been expended in order to comply with this Court's Order." (*Id.* at 2: 23-25).

Plaintiff filed a Reply on March 5, 2015. (#42). Though Defense counsel stated that all Radwan Defendants responded to Plaintiff's request for production of documents (Doc. #41 at 2: 21-22), Plaintiff argues that it only received a response from Defendant Jony. (Pl.'s Reply in Mot. for Order to Show Cause (#42) at 6: 6-7). In addition, no documents were provided to Plaintiff in Defendant Jony's response. (*Id.*

3

at 4: 6-7). In the Supplement to Plaintiff's Emergency Motion for Order to Show Cause Why Defendants should not be held in contempt of the court's order attaching Radwan Defendants' Subsequent Discovery Responses (#50), plaintiff shows that the Radwan Defendants failed to produce many of the requested documents.

For example, in the Response to First Set of Request for Production of Documents to Car Show Motors (#50-4),

<u>Request for Production of No. 6:</u>

Please identify and produce all documentation between you and each of the other Radwan Defendants including, but not limited to, all e-mails, phone records, text messages, and other communications.

<u>Response to Request for Production No. 6:</u>

Defendant is not in possession of any such documents.

<u>Request for Production of No. 7:</u>

Please produce all telephone records and billing statements for the telephone numbers identified in response to Interrogatory No.1 for the period of January 1, 2008 through the present showing all incoming and outgoing communications including, but not limited to, text messages and phone calls.

<u>Response to Request for Production No. 7:</u>

Defendant is not in possession of any such documents.

**DISCUSSION**

At the pretrial stage, a district court can impose case-dispositive sanctions for discovery abuses under Federal Rule of Civil Procedure 37. Rule 37(b)(2)(A) states: "[i]f a party . . . fails to obey an order to provide or permit discovery," the court may: (i) direct that the matters in the order or other designated facts be taken as established; (ii) prohibit the disobedient party from supporting or opposing designated

4

claims or defenses; (iii) strike pleadings; (iv) stay proceedings; (v) dismiss the action in whole or in part; (vi) render default judgment against the disobedient party; or (viii) treat the disobedient party's failure to obey the court order as contempt. FED. R. CIV. P. 37(b)(2)(A). Rule 37 specifically mentions orders to compel discovery as a basis for these sanctions. *Id.* "[B]elated compliance with discovery orders does not preclude the imposition of sanctions. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976) (per curiam)).

Under Fed. R. Civ. P. 37(b), if a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f) then the court where the action is pending may issue further just orders and may dismiss the action or proceeding in whole or in part.  Defendants have failed to comply with Fed. R. Civ. P. 26, Local Rule 26-1, and Court Order #38 concerning discovery.

The Court has authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment..." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including *pro se*s, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when Defendants flout the obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance.  See *McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988).

Because the sanction of entering default is a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Porter v. Martinez*, 941 F.2d 732,733 (9th Cir.1991) (citations and internal punctuation omitted); *Holmquist v. Exotic Cars at Caesars Palace, LLC*, 2008 WL 4491551 (D. Nev. 2008).

The key factors are prejudice and the availability of lesser sanctions. *Henry v. Gill Industries*,

5

1  983 F.2d 943, 948 (9th Cir.1993) citing *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir.1990). For
2  dismissal to be proper, the conduct to be sanctioned must also be due to willfulness, fault or bad faith.
3  *Henry*, 983 F.2d at 947-48, citing *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th
4  Cir.1985). See also *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051 (9th Cir.1998);
5  *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir.1995); and *Leon v. IDX*
6  *Systems Corp.*, 464 F.2d 951 (9th Cir.2006).  Here, all of the five factors except number four weigh heavily
7  in favor of sanctioning Defendants and entering default.  The key factors of (1) Defendants' lack of
8  participation in this case that would prejudice Plaintiff, and (2) Defendants' disregard for this Court's
9  Order and discovery rules justify dispositive sanctions.

10  Here, the Radwan Defendants failed to provide timely discovery responses on November 24, 2014.
11  (#28).  After Plaintiff extended the time to respond to discovery, Defendants responded but still failed to
12  provide any responses to Plaintiff's interrogatories or requests for production of documents. *Id.*
13  Defendants have violated this court's Order compelling them to supplement their responses to Plaintiff's
14  requests for production of documents and interrogatories (#38) and have failed to comply with the rules
15  of discovery. Defense counsel has acknowledged that the discovery responses mandated in this court's
16  Order were untimely. (Defs.' Resp. to Pl.'s Mot. for Order to Show Cause (#41) at 2: 23-25). In addition,
17  at least as of March 5, 2015, responses to Plaintiff's requests for production of documents have still not
18  been provided for Defendants Shaker Radwan, K & S Auto Sales, Inc., Texas Fine Cars, Inc., and Car
19  Show Motors. (*Id.* at 6: 6-7). Despite Defense counsel's assertion that "best efforts have been expended
20  in order to comply with this Court's Order" (*Id.* at 2: 23-25), Plaintiff has consistently raised concerns
21  over the Radwan Defendants' "disregard of the discovery process." (Pl.'s Mot. for Order to Show Cause
22  (#39) at 4: 15-18).

23  There is significant risk of prejudice to the Plaintiff with the Radwan Defendants' failure to comply
24  with the discovery rules. "[P]rejudice is presumed from an unreasonable delay, and the burden to show
25

6

actual prejudice shifts to the party seeking the sanction only after the responding party has given a nonfrivolous excuse for the delay." *Hernandez v. City of El Monte*, 138 F.3d 393, 400-01 (9th Cir.1998).

With the Radwan Defendants' failure to comply with discovery and this court's order, it is clear that less drastic sanctions are not available and default judgment is appropriate. "Dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Hernandez*, 138 F.3d at 399. "Only willfulness, bad faith, and fault justify terminating sanctions," and "[t]he most critical factor to be considered in case dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." *Conn. Gen. Life Ins.*, 482. F.3d 1091, 1096-1097.  The public policy favors disposition of cases on their merits.  The court recognizes that the Radwan Defendants' lack of participation in this case makes it nearly impossible for Plaintiff to establish their case and hinders Plaintiff's ability to discovery all the facts of the case; thus, dispositive sanctions are appropriate.

The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. The Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. *See National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that the Radwan Defendants' Answer be stricken and judgment be entered against the Radwan

…

…

…

1 | Defendants in this matter under Local Rule IA 4-1 and Federal Rule of Civil Procedure 37(b)(2).

2 | DATED this 30th day of April, 2015.

```
                                        _____
                                        CAM FERENBACH
                                        UNITED STATES MAGISTRATE JUDGE
```