UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DRIVE TIME AUTOMOTIVE,<br><br>  Plaintiff,<br><br>  v.<br><br>MARLON DEGUZMAN; SHAKER RADWAN; K&S AUTO SALES, INC.; TEXAS FINE CARS, INC; CAR SHOW MOTORS; and DEMETRI JONY,<br><br>  Defendants. | Case No. 2:14-cv-00782-RFB-VCF<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE CAM FERENBACH** |

**I.   INTRODUCTION**

Before the Court for consideration is the Report and Recommendation of the Honorable Cam Ferenbach, United States Magistrate Judge, entered April 30, 2015. ECF No. 51. Defendants objected on May 18, 2015. ECF No. 54. Plaintiffs responded on June 4, 2015. ECF No. 61. Defendants never replied to the response. After a hearing in this Court on January 13, 2016, Plaintiff filed a supplemental response on February 26, 2016. ECF No. 71. Defendants then filed their motion for leave to reply to the supplemental response. ECF No. 72. For the reasons discussed below, the Report and Recommendation is adopted in full, and Defendants' motion for leave to reply is denied.

**II.   BACKGROUND**

Plaintiff Drive Time Automotive filed a RICO complaint against six Defendants, including Shaker Radwan, K&S Auto Sales (K&S), Texas Fine Cars, Inc., Car Show Motors, and Demetri Jony (collectively, the "Radwan Defendants"). Marlon Deguzman is also a defendant, but the present Report and Recommendation concerns only the Radwan Defendants. The initial complaint

was filed May 19, 2014. ECF No. 1. The Radwan Defendants answered on August 25, 2014. ECF Nos. 18-22. A Scheduling Order was issued on September 23, 2104. ECF No. 26. On October 11, 2014, Shaker Radwan filed a Notice of Initial Disclosures, stating that the Defendants did not have any documents, electronically stored information, or tangible things in their possession to disclose. ECF No. 27.

Plaintiff served the Radwan Defendants with written discovery on October 20, 2014. ECF No. 38. After Plaintiff received nothing from the Defendants by the November 24, 2014 deadline and after several "meet and confer" meetings, Plaintiff's counsel extended the time to respond to December 12, 2014. Id.  The Radwan Defendants responded to Plaintiff's request for admission on December 9, 2014 (ECF No. 30), but did not provide any responses to Plaintiff's interrogatories or requests for production of documents. ECF No. 28. Plaintiff then filed an emergency motion to compel against the Radwan Defendants on December 24, 2014. ECF No. 28. The Radwan Defendants responded on January 5, 2015. ECF No. 31. That day, the Radwan Defendants also served partial responses to Plaintiff's interrogatories. ECF No. 38. Plaintiff replied on January 8, 2015. ECF No. 31. A hearing was held before Magistrate Judge Ferenbach on January 14, 2015, during which the court admonished Defense counsel. ECF No. 38. The Radwan Defendants were warned that they need to take discovery obligations seriously. ECF No. 35.

The court granted Plaintiff's emergency motion to compel in part. ECF No. 38. In partially granting Plaintiff's motion, the court held that the Radwan Defendants' responses to requests for admissions were timely, and that the Defendants' objections to requests for production of documents and interrogatories were waived due to their failure to respond. Id. Both parties were ordered to meet and confer about Defendants' discovery responses by January 28, 2015, and Defendants were ordered to supplement their responses to Plaintiff's discovery requests by February 2, 2015. Id. After not hearing from the Radwan Defendants, Plaintiff's counsel contacted Defense counsel on January 27, 2015. ECF No. 39. Defense counsel assured that Defendants' responses would be supplemented on time, but, again, that deadline was missed. Id.

Plaintiff's counsel informed the Radwan Defendants' counsel on February 6, 2015 of intention to file a motion for an order to show cause. Id. Later that same day, Radwan Defendants emailed supplemental responses to interrogatories. ECF No. 41.

Plaintiff filed an emergency motion for order to show cause why defendants should not be held in contempt of the court's order on February 6, 2015. ECF No. 39. Plaintiff argued that the responses were deficient, they did not contain any actual information and appeared to be counsel's responses only, and that they included objections, which the court had held Defendants had waived. Id. Additionally, Plaintiffs noted that the Radwan Defendants had not responded to request for production of documents. Id. After the Defendants failed to respond to this motion, Plaintiff filed a notice of non-opposition on February 25, 2015. ECF No. 40. That same day, Defendants filed a response to the notice of non-opposition (ECF No. 41) and submitted a response to Plaintiff's request for production of documents. In their response, the Radwan Defendants admitted the responses were untimely, but stated that "best efforts have been expended in order to comply with this Court's order." Id. Plaintiff filed a reply on March 5, 2015, arguing that while Defendants stated all Radwan Defendants responded, Plaintiff only received a response from Defendant Jony that contained no documents. ECF No. 42.

The court issued an order granting Plaintiff's motion for order to show cause and scheduling a hearing on Plaintiff's motion for order to show cause for April 2, 2015. ECF No. 45. The order required the Radwan Defendants to be present at the hearing. Id. The Radwan Defendants did not appear at the hearing and the court admonished Defense counsel and sanctioned him $1000 payable to the Plaintiff. ECF No. 46. The court rescheduled the hearing for April 13, 2015. Id. The day after the hearing, Plaintiff filed a supplement to its motion for order to show cause, showing that the Radwan Defendants failed to produce many of the requested documents—including emails, phone records, text messages, billing statements, and bank records—and instead responded that they "were not in possession of any such documents." ECF No. 50.

On April 30, 2015, Magistrate Judge Ferenbach issued his Report and Recommendation, recommending the Court strike the Radwan Defendants' Answer and enter judgment against the Radwan Defendants under Local Rule IA 4-1 and Federal Rule of Civil Procedure 37(b)(2).

- 3 -

Defendants filed an objection to the Report and Recommendation on May 18, 2015. ECF No. 54. Plaintiff responded on June 4, 2015. ECF No. 61. On July 24, 2015, the case was stayed pending a decision on the Report and Recommendation. ECF No. 65.

This Court held a hearing to address the Report and Recommendation on January 13, 2016. ECF No. 68. In the hearing, this Court ordered several deadlines: first, that Plaintiff would notify the Radwan Defendants of discovery Plaintiff believed was outstanding by January 22, 2016; second, that the Radwan Defendants had until January 22, 2016 to submit, *in camera*, any communications they had with their former counsel related to discovery deadlines and that the Radwan Defendants' former counsel had until January 29, 2016 to make the same *in camera* submission; third, the Radwan Defendants had until February 22, 2016 to submit a privilege log and to produce documents *in camera* to the Court for review to determine if they should be distributed to the Plaintiff; and fourth, the Plaintiff had until February 26, 2016 to either file a supplemental brief to its response to Defendants' objection to the Report and Recommendation, or file a motion to compel. Id. The Court admonished the Radwan Defendants and the Radwan Defendants' counsel to preserve all material that relates to the case. Id. The Court also preserved the stay on the case. Id.

The Radwan Defendants complied only with the order to submit communications between themselves and their former counsel. ECF No. 68, 70. The Radwan Defendants made no other *in camera* submissions and did not submit the requested privilege log to the Court. Plaintiff then filed its supplemental brief on February 26, 2016, noting that the Radwan Defendants had still failed to produce many documents it had requested. ECF No. 71. The Radwan Defendants then filed a motion for leave to file a reply to the supplemental brief. ECF No. 72.

### III.  LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is

- 4 -

required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

"Courts need not tolerate flagrant abuses of the discovery process." Campbell Indus. v. M/V Gemini, 619 F.2d 24, 27 (9th Cir. 1980). At the pre-trial stage, a district court can impose case-dispositive sanctions for discovery abuses under Federal Rule of Civil Procedure 37, which states: "[i]f a party . . . fails to obey an order to provide or permit discovery," the court may, *inter alia*, "render default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). The Ninth Circuit has held that "belated compliance with discovery orders does not preclude the imposition of sanctions." Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam)). Under FRCP 37(b), if a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f), then the court where the action is pending may issue "further just orders," and may "dismiss the action or proceeding in whole or part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Because default judgment is a harsh penalty, "the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Porter v. Martinez, 941 F.2d 732, 733 (9th Cir. 1991) (internal quotations omitted). The key factors are prejudice to the party seeking sanctions and the availability of lesser sanctions. Henry v. Gill Indus., 983 F.2d 943, 948 (9th Cir. 1993) (quoting Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990). These factors, however, "are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,* 460 F.3d 1217, 1226 (9th Cir.2006) (citation and internal quotations omitted); see also Leon v. IDX Sys. Corp.*,* 464 F.3d 951, 958 (noting that the district court need not make explicit findings as to each factor and upholding a terminating sanction where the court only considered the plaintiff's level of culpability, the prejudice suffered, and the availability of lesser sanctions).

For dismissal to be proper, the conduct to be sanctioned must also be due to willfulness, fault, or bad faith. Henry, 983 F.2d at 947-48 (citing Fjelstad v. Am. Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1985)).

**IV.   DISCUSSION**

In his Report and Recommendation, Magistrate Judge Ferenbach found that "all of the five factors except number four weigh heavily in favor of sanctioning Defendants and entering default." ECF No. 51 at 6. Magistrate Judge Ferenbach further notes that two key factors justify dispositive sanctions: first, Defendants' lack of participation that would prejudice Plaintiff; and, second, Defendants' disregard for the Court's order and discovery rules. Id. The Report and Recommendation also notes that Defendants have failed to comply with Fed. R. Civ. P. 26, Local Rule 26-1, and the Court Order (ECF No. 38) concerning discovery. Id. at 5.

Prior to Judge Ferenbach's Report and Recommendation, the Radwan Defendants have, on numerous occasions, engaged in sanctionable activity with regards to discovery. First, the Radwan Defendants failed to provide timely discovery responses, and after Plaintiff extended the time to respond, Defendants responded only partially and failed to produce responses to interrogatories or requests for production of documents. Second, the Radwan Defendants violated the Court's Order compelling them to supplement their responses to request for documents and interrogatories. Third, Radwan Defendants' counsel has acknowledged the discovery responses mandated in the Court's Order were untimely. Additionally, Magistrate Judge Ferenbach notes that despite Defense counsel's assertion that the Radwan Defendants have made best efforts to comply with the Court's Order, Plaintiff has consistently raised concerns over Defendants' disregard of the discovery process and the Defendants' failure to comply with the rules of discovery.

The Radwan Defendants objected to four portions of the Report and Recommendation. To their first objection "that 'long history' and 'abuses' mischaracterizes the good faith manner in which they have attempted to fulfill their duties under the rules in spite of the ineffective representation and lack of candor of their former attorney,'" the Court finds that the disregard for

multiple Court Orders over nearly two years does show a long history of discovery abuse, and the Magistrate Judge's characterization is appropriate.

The Radwan Defendants' main argument against sanctions centers on the assertion that their former attorney failed to express the Defendants' duty to respond by certain deadlines. However, as the Plaintiff points out in its response, the Defendants' prior counsel has stated multiple times that he sent a series of emails to the Radwan Defendants explaining they needed to respond to the discovery requests. At the hearing before this Court, the Court requested the Radwan Defendants and their former attorneys submit, *in camera*, all email communications related to discovery in this case. Defendants complied with this request, and after review, the Court finds that the email communications do not show that prior counsel failed to communicate Defendants' duty to respond to discovery requests, and therefore do not support Defendants' argument.

In its supplemental briefing, Plaintiff notes that the responses this Court ordered in the January 13, 2016 hearing were only partially met, despite the clear warning from this Court that case terminating sanctions would be issued if they failed to meet the newly imposed deadlines. ECF No. 71 at 3. Plaintiff asserts that Defendants had not produced eight categories of documents requested by the February 12 deadline. Id. at 6. The Radwan Defendants then said that certain bank and phone records would be produced the week of February 15, 2016. Id. at 7. These documents were not produced by that self-imposed deadline and had not been produced by the time Plaintiff filed its supplemental briefing. Plaintiff acknowledges that the Radwan Defendants did provide over 20,000 pages of documents since the hearing, but this abundance of material only contained, among other unrequested material, Shaker Radwan's phone records and K&S's and Texas Fine Cars's bank records. Id. at 10. While 20,000 pages is a large amount of material, if in those pages only three of the requested categories of documents were produced, and eight types of documents still have not been produced, this shows yet another disregard for the orders of the Court.

The persistent disregard for both Magistrate Judge Ferenbach's Orders and this Court's Orders after the hearing support a holding adopting the Report and Recommendation to strike the Radwan Defendants' Answer.

Consideration of the traditional five factors regarding case-dispositive sanctions further supports this conclusion. The first two factors, public interest in expeditious resolution of litigation and the court's need to manage its docket, weigh in favor of adopting the Report and Recommendation. There have been three extensions to the discovery deadline in this case. The Radwan Defendants have failed to comply with each one. Discovery was meant to be closed nearly two years ago, and the Radwan Defendants still have not produced a great number of documents that Plaintiff requested. While Defendants argue that certain documents, like bank statements, are no longer available, if Defendants had complied with the original November 2014 discovery deadline, those bank records could have been produced as requested.

Additionally, the need for the court to repeatedly review motions and have hearings regarding the serial failures of the Radwan Defendants to comply with the various discovery orders strongly supports imposition of case-dispositive sanctions to assist the court in managing its docket.

The third factor also weighs in favor of issuing these sanctions. Plaintiff has waited nearly two years for the documents they have requested and, as noted in its response to Defendants' objection, the documents are critical to its case. Defendants argue that they have responded to document requests, but all the Radwan Defendants have done is respond to the request for documents with irrelevant documents, or make claims that they no longer possess the requested documents, which would likely not be the case if Defendants had complied with the original discovery deadline in November 2014. Defendants further argue that there is no prejudice to Plaintiff because no trial date has been set and discovery is not closed, and nothing that has happened threatens Plaintiff's ability to go to trial. This argument is unavailing here. The Radwan Defendants have unnecessarily delayed discovery to an extent that prejudices Plaintiff's ability to bring its claims at all. The Court finds that the Radwan Defendants could have provided responsive documents that were relevant to the Plaintiff's claims had they properly complied with the discovery orders Instead, Plaintiff was left waiting to build its case and has incurred nearly two years' worth of additional legal costs and fees in its attempt to conduct discovery.

The final of the five factors also weighs in favor of administering the recommended sanctions. The Radwan Defendants' past behavior in this case demonstrates that less drastic sanctions would not be sufficient. Terminating sanctions are only justified in cases of willfulness, bad faith, and fault. Conn. Gen. Life Ins. Co v. New Images of Beverly Hills, 482 F.3d 1091, 1096-97 (9th Cir. 2007). The "most critical factor" the court considers in issuing terminating sanctions is "whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." Id. In this case, the Radwan Defendants' lack of participation and disregard for Court orders and deadlines so far in this case demonstrates that these Defendants are very unlikely to be persuaded by less drastic sanctions. Additionally, sanctions short of striking answers and entering default are improper "where the court anticipates continued deceptive misconduct." Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 352 (9th Cir. 1995). In Anheuser, the defendants showed a pattern of discovery abuse and deception, and the Ninth Circuit held that the district court was within its rights to issue terminating sanctions when it was likely the court would be unable to conduct a trial with "any reasonable assurance that the truth would be available. Id. The Radwan Defendants have shown a similar pattern of discovery abuse and deception; Plaintiffs have persuasively asserted many instances in which the Radwan Defendants have lied in responses or engaged in intentionally deceptive behavior. It is highly likely in this case that the Plaintiff would be unable to establish its case or discover all the facts relevant to a trial on the merits in this case. In this instance, terminating sanctions are appropriate, as any lesser sanction would likely be disregarded by the Radwan Defendants and cause further delays.

The only remaining factor is the public policy favoring disposition of cases on their merits. Despite Defendants' assertions to the contrary, this factor also favors imposing terminating sanctions. While it is true that adopting the Report and Recommendation would result in disposition of this case before a trial on the merits, the plain truth is that the Radwan Defendants' misconduct has already hindered the potential for a valid trial on the merits. As previously discussed, the delay caused by the Radwan Defendants' disregard for discovery deadlines and

orders has led to the Plaintiff being unable to discover facts critical to its claims. This failure to comply with the rules of discovery has deprived Plaintiff of its day in court.

The Court has clear authority to dismiss the case for failure to cooperate in the progress of litigation. The Court need not always exhaust every sanction short of dismissal before final action. Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir. 1987). It is within the discretion of the Court to issue terminating sanctions. Here, the behavior of the Radwan Defendants both prior to the January 13, 2016 hearing and their continued failure to comply with the Court's orders since the hearing justifies adopting Magistrate Judge Ferenbach's Report and Recommendation.

V.     CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 51) is ADOPTED in full. The Radwan Defendants' Answer shall be stricken and judgment entered against the Radwan Defendants in this matter under Federal Rule of Civil Procedure 37(b)(2).

**IT IS FURTHER ORDERED** that the Defendants' Motion for Leave to Reply (ECF No. 72 is DENIED.

**DATED** this 5th day of December, 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**